IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Mussehl, | Civil Action No. 6:17-cv-3309-JFA-KFM |
| Petitioner, | |
| v. | **REPORT OF MAGISTRATE JUDGE** |
| State of South Carolina, State of California, | |
| Respondents. | |

This matter is before the court upon the motion of petitioner David Mussehl, represented by counsel, for a temporary restraining order ("TRO") (doc. 2). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), all pretrial matters in cases involving certain challenges to custody are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The petitioner is challenging a purported extradition order (doc. 2). He states that he is currently in custody at the Charleston County Detention Center and is set to be extradited to Orange County, California at 5:00 a.m. on Monday, December 11, 2018 (*id*. at 2). He contends he was arrested on November 17, 2017, in Mount Pleasant, South Carolina, for failing to appear for a scheduled appearance in California (*id*.). He asserts that he was held at the Detention Center for three days without an opportunity to have a bond set in violation of law (*id*.). He alleges that he unknowingly signed a document waiving extradition; he asserts it was unknowing because he cannot read without glasses or contacts and had neither, his mental faculties were impaired by medications for cancer and crones disease, and he was denied his right to legal counsel regarding the waiver of extradition (*id*.).

The petitioner alleges that California is not following the proper procedures to have him extradited (*id*.). He contends the State of South Carolina has violated S.C.

Code Ann. § 17-9-10 by holding him beyond 20 days (*id*. at 2–3). The petitioner asserts that his counsel has attempted to resolve this issue through the state courts beginning December 5, 2017 (*id*. at 3). He further asserts that he requires treatment for medical conditions and that transport to California will interfere with this treatment (*id*.).

The petitioner seeks a TRO staying extradition; an order to quash the waiver of extradition; and immediate release or; in the alternative, an emergency hearing to address the terms of his release (*id*. at 5).

## APPLICABLE LAW AND ANALYSIS

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)). A federal writ of habeas corpus under 28 U.S.C. § 2241 can only be sought *after* the petitioner has exhausted his state remedies. Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).

A TRO is a drastic remedy that serves an exceedingly narrow purpose. It exists only to preserve the *status quo* until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp*., 174 F.3d 411, 422 (4th Cir. 1999) (citing

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)). The standard for granting a request for a TRO and entering a preliminary injunction are identical. *See, e.g., Sauer-Danfoss (US) Co. v. Nianzhu Luo*, C.A. No. 8:12-3435-HMH, 2012 WL 6042831, at *1 (D.S.C. Dec. 5, 2012) (citing *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for TRO)). In order for such injunctive relief to be granted, the movant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). All four requirements must be satisfied. *Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).

The first *Winter* factor is dispositive here, as the petitioner has not demonstrated that he is likely to succeed on the merits. The petitioner, through counsel, has provided no evidence in support of any of his claims. The petitioner fails to provide any documentation regarding his current incarceration, his pending charges in California, any directive from California, or any other claim he puts forward in this motion. In light of the fact that a TRO is a drastic remedy that serves an exceedingly narrow purpose, the petitioner's conclusory allegations without support have not established that he is likely to succeed on the merits.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for TRO (doc. 2) should be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

December 8, 2017
Greenville, South Carolina